ARNOLD R. TINGEN AND WIFE, MARTHA M. TINGEN v. INSURANCE COMPANY OF NORTH AMERICA

No. 738SC179

(Filed 13 June 1973)

Appeal and Error § 26— exception to entry of judgment— insufficiency to attack validity of prior order by trial court

> Where plaintiffs consented to an order providing for the appointment of appraisers to determine the amount of loss occasioned by fire and providing that the report of appraisers be filed with the court, plaintiffs could not subsequently attack the validity of the order merely by excepting to the entry of a judgment for plaintiffs based on the report of the appraisers.

APPEAL by plaintiffs from *Jackson, Judge,* 2 October 1972 Session of Superior Court held in GREENE County.

On 17 June 1970 plaintiffs instituted this suit to recover for a fire loss insured by defendant. On 2 October 1972, judgment was entered in favor of plaintiffs for $5,420.74.

*Turner and Harrison by F. W. Harrison for plaintiff appellants.*

*Young, Moore & Henderson by B. T. Henderson II, Joseph C. Moore, Jr., and J. Clark Brewer for defendant appellee.*

VAUGHN, Judge.

The only assignment of error is to the entry of the judgment and presents, at most, the face of the record for review.

In their brief plaintiffs state that the judgment signed by Judge Jackson has to stand or fall on the validity of an order signed by Judge May on 25 February 1971. It appears of record that Judge May's order was entered by *agreement* and *consent* of the plaintiffs and defendant. Plaintiffs do not argue to the contrary. The effect of the order was to appoint appraisers (agreed upon by all parties) and to order that the report of their appraisal be filed with the court. The parties had previously designated appraisers who, for one reason or another, did not serve.

Plaintiffs, having expressly consented to Judge May's order of 25 February 1971, cannot now attack its validity by merely

excepting to the entry of a judgment of Judge Jackson on 2 October 1972.

The judgment from which plaintiffs appealed is affirmed.

Affirmed.

Judges BROCK and HEDRICK concur.